IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| IN THE MATTER OF THE COMPLAINT OF GATEWAY DREDGING AND CONTRACTING LLC FOR EXONERATION FROM, OR LIMITATION OF, LIABILITY. | Case No.: 21-cv-337 |

## COMPLAINT

Plaintiff Gateway Dredging and Contracting LLC ("Plaintiff" or "Gateway") submits the following as its Complaint in Admiralty seeking exoneration from, or limitation of, liability:

1. This action arises under the laws of the United States providing for limitation of a vessel owner's liability, 46 U.S.C. § 30501 - § 30512, and the various statutes, rules and regulations relating thereto. It is a cause of admiralty and maritime jurisdiction within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. This Court has jurisdiction pursuant to 28 U.S.C. §1333.

2. At all material times, Plaintiff was a corporation duly organized under the law, and the owner or owner *pro hac vice* of the barge BV1.

3. At all material times, including the present, the BV1 was and is within this judicial district.

4. On March 12, 2021, Gateway employee John Castloo suffered a fatal injury while working aboard the BV1. At the time of Castloo's injury, the BV1 was located on the Missouri River at approximately Mile 28.

5. At this time, Gateway is not aware of any lawsuit being filed against it as a result of the events of March 12, 2021.

6.	Castloo's death was neither caused nor contributed to be caused by any fault, error, omission, negligence, unseaworthiness, or other fault of Gateway or the BV1, nor any person or entity for which Gateway or the BV1 is responsible.

7.	Castloo's death was occasioned and occurred without fault of Gateway and without privity or knowledge of Gateway.

8.	The BV1 has not been attached or arrested in any suit brought in connection with any claim arising out of the aforementioned incident.

9.	Gateway believes that the value of the BV1, including its rigging, equipment, freight (if any), and appurtenances (collectively the "BV1"), on March 12, 2021, did not exceed the sum of $940,000.00. This sum is calculated on the basis of the $350,000.00 insured value of the BV1 and the $590,000.00 insured value of a Komatsu PC-490 excavator that was aboard the BV1 on March 12, 2021.

10.	Claims asserted against Gateway arising out of the aforementioned incident could exceed $940,000.00.

11.	Gateway claims and seeks exoneration from liability for any loss, injury, or damage occasioned or incurred by reason of the aforementioned incident of March 12, 2021, and further alleges that it has valid defenses to those claims on the facts and on the law.

12.	Alternatively, and without admitting any liability, Gateway claims the benefit of limitation of a vessel owner's liability provided under Title 46, United States Code, § 30505, and of the various statutes, rules and regulations supplemental thereto, and amendatory thereof. To that end, Gateway is ready and willing to proceed according to law and pursuant to the rules and practices of this honorable Court.

13. This Complaint is filed within six months of the receipt by Gateway of a written claim for damages arising out of the incident.

14. Gateway alleges that this Complaint for exoneration from, or limitation of, liability asserted herein is also filed on behalf of its insurers, underwriters, and any agents that would be entitled to exoneration from or limitation of liability to the same extent as the owner

15. No unsatisfied liens or claims of lien, or other demands, whether in contract or in tort or otherwise, other than those alleged above, arose from the aforesaid incident.

WHEREFORE, Plaintiff prays that:

a) This Court shall in due course cause appraisal to be made of the value of Plaintiff's interest in the BV1 after the aforesaid incident on March 12, 2021;

b) This Court, upon written motion, shall enter an order directing Plaintiff to post appropriate security for the value of the BV1, with a surety approved by the Court, for payment to the Court of the amount of the interest of Plaintiff in the BV1 whenever the Court shall so order;

c) This Court, upon written motion, shall enter an Order directing that on the giving of such security for the value of the BV1 as may be determined to be proper, or of a letter of undertaking or ad interim stipulation as will be offered by Plaintiff, the institution or further prosecution of any and all actions, suits, and legal proceedings of any nature or description with respect to the matters alleged in this Complaint, in any jurisdiction, except in the present proceeding, against Plaintiff or its agents or representatives, or any other person for whom Plaintiff is or may be responsible, or against any of the property of Plaintiff, including, but not limited to, the BV1, to recover

damages caused by or resulting from said incident, or in respect of any claim or claims arising out of or resulting from said incident, shall be enjoined until the hearing and determination of this proceeding;

d) This Court, upon written motion, shall enter an Order directing the issuance of a notice to all persons claiming damage for any and all loss, damage, expenses, or injuries caused by or resulting from the aforesaid incident, citing them and each of them to appear and make due proof of their respective claims, and all to appear and answer the allegations of this Complaint on or before a date set forth in said Notice;

e) This Court in this proceeding will adjudge that:

(i) Plaintiff and the BV1 are not liable to any extent for any loss, damage, death, or injury, nor for any claims whatsoever in any way arising out of aforesaid incident or voyage alleged in this Complaint, and, therefore, Plaintiff and the BV1 are entitled to a decree of exoneration in this matter;

(ii) If Plaintiff shall be adjudged liable to any extent in the premises, then the liability of Plaintiff shall be limited to the value of the BV1 immediately following the incident, and that a decree may be entered discharging Plaintiff and the BV1 from all further liability and further enjoining the filing and prosecution of any claim against either Plaintiff and/or the BV1 related to the incident alleged in this Complaint; and

f) Plaintiff and the BV1 may have such other and further relief as may be just and proper.

Respectfully submitted,

GOLDSTEIN AND PRICE, L.C.
and Neal W. Settergren #50721MO
and Douglas E. Gossow #35525MO
and Giles B. Howard #67215MO

By: /s/ Giles B. Howard
One Memorial Drive, Suite 1000
St. Louis, Missouri 63102
314-516-1700 (phone)
314-421-2382 (fax)
neal@gp-law.com
doug@gp-law.com
giles@gp-law.com

**Counsel for Plaintiff**