# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

IN THE MATTER OF THE COMPLAINT OF )
GATEWAY DREDGING AND )
CONTRACTING LLC FOR EXONERATION ) Case No. 4:21CV337 JCH
FROM, OR LIMITATION OF, LIABILITY. )

## MEMORANDUM AND ORDER

This matter is before the Court on Claimant's Motion to Dissolve Injunction, filed May 12, 2021. (ECF No. 14). The motion is fully briefed and ready for disposition.

## BACKGROUND

On March 12, 2021, John Castloo, an employee of Plaintiff Gateway Dredging and Contracting LLC ("Gateway" or "Plaintiff"), suffered a fatal injury while working aboard the barge BV1. (Complaint, ECF No. 1, ¶ 4). At the time of Castloo's injury, the BV1 was located on the Missouri River at approximately Mile 28. (*Id.*).

On March 17, 2021, Gateway, as owner or owner *pro hac vice* of the barge BV1, brought this action seeking exoneration from, or limitation of, liability under the Limitation of Shipowners' Liability Act, 46 U.S.C. § 30501 *et seq.* and Rule F of the Supplemental Rules for Admiralty and Maritime Claims. (Compl., ¶¶ 1, 2). Gateway alleges that Castloo's death "was neither caused nor contributed to be caused by any fault, error, omission, negligence, unseaworthiness, or other fault of Gateway or the BV1, nor any person or entity for which Gateway or the BV1 is responsible." (*Id.*, ¶ 6). Gateway further alleges that Castloo's death "was occasioned and occurred without fault of Gateway and without privity or knowledge of Gateway." (*Id.*, ¶ 7).

Gateway believes that the value of the BV1, including its rigging, equipment, freight (if any), and appurtenances, on March 12, 2021, did not exceed the sum of $940,000.00. (Compl., ¶

9). Gateway calculates this sum by combining the $350,000.00 insured value of the BV1 with the $590,000.00 insured value of a Komatsu PC-490 excavator that was aboard the BV1 on that date. (*Id.*).

On March 30, 2021, Gateway provided security in this amount in the form of a Letter of Undertaking provided by its insurer, RLI Insurance Company. (ECF No. 6). That same day, Gateway filed a Motion for Order Approving Security, Directing Issuance of Notice, and Restraining Suits pursuant to Rule F. (ECF No. 7). The Court granted the motion on March 31, 2021, and issued an order 1) approving the security for value; 2) issuing notice to all potential claimants to file claims related to the incident by May 30, 2021; and 3) enjoining the commencement or further prosecution of any action or proceeding against Gateway or the barge BV1 in connection with the incident on March 12, 2021, until the hearing and determination of this proceeding.[1] (ECF No. 8).

On May 12, 2021, Claimant Amanda Castloo, surviving spouse of Jonathan Castloo, answered the Complaint, and filed a Claim for Maritime Wrongful Death on behalf of herself and the decedent's surviving children. (ECF Nos. 11, 13). That same day, Claimant filed a Motion to Dissolve the Injunction entered on March 31, 2021. (ECF No. 14). Claimant provided stipulations in support of her motion, that she claims are sufficient to warrant dissolution of the injunction. (ECF No. 14-1). In its response, filed June 2, 2021, Plaintiff urges that Claimant's motion must be denied because (a) she has not established that she is the personal representative of the decedent's estate, *i.e.*, the only person with standing to pursue a maritime wrongful death claim,

---

[1] In its Complaint, Gateway alleges it is not aware of any lawsuit being filed against it as a result of the events of March 12, 2021. (Compl., ¶ 5).

and (b) her stipulations are inadequate to protect Gateway's rights under the Limitation Act. (ECF No. 18).

## DISCUSSION

"The Limitation of Vessel Liability Act allows the owner of a vessel to limit the amount of its liability for a maritime incident to the value of the vessel and its pending freight." *In the Matter of the Complaint of SCF Lewis and Clark Fleeting LLC*, Case No. 4:21CV244 CDP, 2021 WL 2209323, at *1 (E.D. Mo. Jun. 1, 2021) (citing 46 U.S.C. § 30505(a)). "While 28 U.S.C. § 1331(1) does grant to the federal district courts exclusive jurisdiction over suits brought pursuant to the Limitation Act, *see Ex Parte Green*, 286 U.S. 437, 439-40, 52 S.Ct. 602, 76 L.Ed. 1212 (1931), the same statute also 'sav[es] to suitors in all cases all other remedies to which they are entitled.'" *Riverway Harbor Serv., St. Louis, Inc. v. Bridge & Crane Inspection, Inc.*, 263 F.3d 786, 791 (8th Cir. 2001) (quoting 28 U.S.C. § 1331(1)). Hence, "two jurisdictional possibilities" are presented: "shipowners desire exclusive federal jurisdiction to limit their liability and avoid encountering a jury trial, and claimants seek 'other remedies' such as jury trials in state court." *Id.* (citing cases).

Seeking to resolve this tension and conflict, federal courts have recognized that, in two kinds of limitation cases, claimants are permitted to pursue their remedies in a forum of their choosing. *See Universal Towing Co. v. Barrale*, 595 F.2d 414, 418 (8th Cir. 1979). The first exception concerns cases where the limitation fund exceeds the total of all claims. *Id.* (citing cases). This exception is not at issue here. The second exception, which is at issue here, "exists if there is only one claim which exceeds the value of the fund." *Id.* (citing cases).[2] Where one of

---

[2] Plaintiff acknowledges that assuming Claimant can demonstrate she is the personal representative of decedent's estate, she would be the only lawful claimant in this matter.

these two exceptions applies, "it is an abuse of the court's discretion to fail to dissolve the injunction against other legal proceedings, and thus deprive a claimant of his choice of forum." *Valley Line Co. v. Ryan*, 771 F.2d 366, 373 (8th Cir. 1985) (citations omitted). *See also Langnes v. Green*, 282 U.S. 531, 541, 51 S.Ct. 243, 75 L.Ed. 520 (1931) ("To retain the cause would be to preserve the right of the shipowner, but to destroy the right of the suitor in the state court to a commonlaw remedy; to remit the cause to the state court would be to preserve the rights of both parties. The mere statement of these diverse results is sufficient to demonstrate the justice of the latter course....").

Moreover, in order that the shipowner's right to limit its liability is preserved in accordance with the Act, a claimant must file certain stipulations with the district court before the injunction may be dissolved. Specifically, a claimant must: "(1) concede that the district court has exclusive jurisdiction to determine all issues relating to the shipowner's right to limit its liability, including determination of the value of the limitation fund; and (2) waive any right to claims of res judicata based on a judgment from another forum." *In the Matter of the Complaint of Osage Marine Services, Inc.*, Case No. 4:15CV856 ERW, 2015 WL 5178021, at *2 (E.D. Mo. Sep. 4, 2015) (internal quotation marks and citations omitted). *See also Magnolia Marine Transport Co., Inc. v. Laplace Towing Corp.*, 964 F.2d 1571, 1575 (5th Cir. 1992) (citations omitted) ("Upon the claimant's filing sufficient stipulations, the admiralty court should allow the claimant to proceed even when the claim exceeds the limitation fund."); *Riverway Harbor*, 263 F.3d at 792 (citation omitted) ("As long as a claimant stipulates to exclusive federal jurisdiction for limitation of liability purposes, that claimant may also pursue any other claims dealing with exoneration from liability in state court pursuant to the saving to suitors clause.").

Pursuant to Fed.R.Civ.P. Supp. Rule F, this Court has issued an injunction, which provides as follows: "IT IS FURTHER ORDERED, since Gateway has posted approved security for the value of its interest in the barge BV1, that the institution or prosecution of any suits, actions or legal proceedings of any nature or description whatsoever in any court whatsoever, against Gateway or the barge BV1 in respect of any claim arising out of or connected with the incident on March 12, 2021, at approximately Mile 28 on the Missouri River, are hereby stayed and restrained, except in this proceeding, until the hearing and determination of this proceeding." (ECF No. 8, P. 2).

The question currently before the Court thus is a narrow one--whether or not to lift the injunction so that Claimant may proceed with her claims in a forum of her choosing. In order to decide, the Court must consider whether Claimant's stipulations are adequate to preserve "exclusive federal jurisdiction for limitation of liability purposes" (*Riverway Harbor*, 263 F.3d at 792), such that Claimant may proceed in the forum of her choosing pursuant to the saving to suitors clause. For the reasons below, the Court finds Plaintiff's stipulations are inadequate and her motion to dissolve the injunction must be denied.

Claimant has filed the following stipulations in support of her Motion to Dissolve Injunction:

1. This Honorable Court has sole and exclusive jurisdiction on all matters relating to Plaintiff's right to seek limitation of liability, as distinct from exoneration, in this admiralty court.
2. This Honorable Court has the sole and exclusive jurisdiction to determine the amount of the limitation fund.
3. Claimant stipulates that any state court or other action of any kind to be filed by Claimant or on behalf of Claimant, decedent's Estate, and any beneficiaries, will have no *res judicata* effect with regard to plaintiff's right to seek limitation of liability, as distinct from exoneration, reserving issues of limitation of liability exclusively to this Court.
4. Claimant stipulates that any Judgment resulting from any state court or other action of any kind, including but not limited to a Jones Act/General Maritime

5

> Law personal injury and/or death claim, that exceeds the limitation fund ultimately set by this Court will not be acted upon by Claimant pending this Court's determination of all issues relevant to the limitation of liability. More specifically, Claimant stipulates that she will not execute on any state court judgment pending resolution by this Court of plaintiff's claim to limitation of liability.

(ECF No. 14-1).

Gateway has lodged a series of objections to Claimant's stipulations, asserting for various reasons that they are insufficient. The Court will address Gateway's objections in turn.

Plaintiff first asserts that Claimant is not qualified to pursue a claim for decedent's death or seek dissolution of this Court's injunction in the first instance, because she has not submitted proof that she is the personal representative of her late husband's estate. Claimant responds that Plaintiff's argument improperly conflates the issue of who is the correct party to sue, with who is the appropriate party to move for dissolution of the injunction. Claimant further maintains that this Court's injunction potentially prohibits her from filing a petition to be appointed personal representative.

Upon consideration, the Court will permit Claimant to proceed with her effort to have the injunction dissolved. The Court's decision is influenced by the procedural posture of this case. As noted above, decedent suffered his fatal injury on March 12, 2021. Gateway filed its Complaint in this Court seeking exoneration from or limitation of liability on March 17, 2021, a mere five days after the incident. Under these circumstances, the Court will not prohibit Claimant from seeking to dissolve the injunction merely because she did not seek personal representative status in the brief interim between the incident and Plaintiff's filing. This portion of Plaintiff's objections will therefore be overruled.

Plaintiff next asserts that Claimant's limitation of liability stipulations are inadequate to protect Gateway's rights under the Limitation Act. Specifically, Plaintiff complains that

Claimant's first stipulation acknowledges only that this Court has sole and exclusive jurisdiction on all matters relating to Plaintiff's right to seek limitation of liability, *as distinct from exoneration*, and her third stipulation acknowledges only that any state court or other action of any kind to be filed by Claimant or on behalf of Claimant, decedent's Estate, and any beneficiaries, will have no *res judicata* effect with regard to Plaintiff's right to seek limitation of liability, *as distinct from exoneration*.

The Eighth Circuit addressed the issue of limitation versus exoneration in *Riverway Harbor*, holding as follows:

> The Supreme Court [in *Lewis v. Lewis & Clark Marine, Inc.*, 531 U.S. 438, 121 S.Ct. 993, 148 L.Ed.2d 931 (2001)], recognizing the inherent conflict between the saving to suitors clause and the Limitation Act, balanced the two competing interests by separating the liability issue from the exoneration issue. As long as a claimant stipulates to exclusive federal jurisdiction for limitation of liability purposes, that claimant may also pursue any other claims dealing with exoneration from liability in state court pursuant to the saving to suitors clause….
> In the present case, Webber's stipulations fulfilled the single-claimant exception permitting limitation of liability and thereby satisfied the Limitation Act requirements. Because Riverway's right to limit liability is thereby effectively protected in federal court, and the Supreme Court's decision in *Lewis* does not require Webber to reserve to federal court the issue of Riverway's exoneration from liability, the district court must dissolve the injunction against state court proceedings.

*Riverway Harbor*, 263 F.3d at 792.

Gateway does not argue that it is entitled to exclusive federal jurisdiction over claims involving exoneration. Instead, it maintains that Claimant's stipulations are too ambiguous to protect Plaintiff's limitation of liability rights fully. In support of this assertion, Plaintiff points to a case out of the Northern District of West Virginia, *Complaint of Campbell Transportation Co., Inc.*, in which the Court held as follows:

> While it may not be necessary for a party to waive the res judicata effect of a state court's findings as to exoneration, it is clear based on Supreme Court case law that the district court must find that the vessel owner's right to seek limitation of liability

7

> is protected prior to lifting the injunction on the state court proceeding….[T]his Court is unaware of any case…where a court found that a stipulation concerning the waiver of a claimant's res judicata rights that also included a clarification limiting such rights, adequately protected a plaintiff's right to seek limitation of liability. As this Court is uncertain whether the claimants' stipulation that clarifies or limits the plaintiffs' rights will adequately protect the plaintiffs' limitation rights, it finds that the clarification is improper. Therefore, this Court must deny the claimants' motion to stay this action and lift the injunction against their state court proceedings due to this possible inadequacy.[3]

*Complaint of Campbell Transportation*, 937 F.Supp.2d 796, 805-06 (N.D. West Va. 2013) (internal quotation marks and citations omitted). The Court granted Claimants leave to submit amended stipulations, however, and eventually approved the dissolution of the injunction in *Complaint of Campbell Transportation Co., Inc.*, Case No. 5:12CV68, 2013 WL 4478173 (N.D. West Va. Aug. 20, 2013).

Upon consideration of the foregoing, the Court finds that Claimant's stipulations here, with their carving out the issue of exoneration in the same stipulation regarding limitation of liability, potentially are insufficient to protect Gateway's right to limit liability. *See Complaint of Campbell Transportation*, 937 F.Supp.2d at 806 ("As this Court is uncertain whether the claimants' stipulation that clarifies or limits the plaintiffs' rights will adequately protect the plaintiffs' limitation rights, it finds that the clarification is improper."). The Court will grant Claimant leave, however, to file revised stipulations in accordance with those approved in *Complaint of Campbell Transportation* and other cases in this Circuit.

Plaintiff finally asserts that Claimant's fourth stipulation is inadequate to protect Gateway's rights under the Limitation of Liability Act, because rather than state she will not act on *any* judgment entered by *any* court until this Court enters final judgment as to all issues in this

---

[3] The Court did not require Claimants to provide a stipulation waiving their res judicata rights with respect to exoneration, only an unambiguous waiver of their rights concerning limitation of liability.

Limitation of Liability Act case, Claimant stipulates only that she will not act upon any judgment **that exceeds the limitation fund ultimately set by this Court**.[4] (ECF No. 14-1, P. 1). Upon consideration, the Court finds Claimant's fourth stipulation to be sufficient, and so will overrule this objection. *See, e.g., In the Matter of the Complaint of Osage Marine Services, Inc.*, 2015 WL 5178021, at *4.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Claimant's Motion to Dissolve Injunction (ECF No. 14) is **DENIED** without prejudice to refiling with stipulations drafted in accordance with this Court's findings. Should Claimant choose to file such amended stipulations, she must do so on or before July 23, 2021.

Dated this 8th Day of July, 2021.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE

---

[4] Claimant does continue to stipulate that she "will not execute on *any state court judgment* pending resolution by this Court of plaintiff's claim to limitation of liability." (*See* ECF No. 14-1, P. 2 (emphasis added)).